GROSSMAN v. LAFAYETTE TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

BANKS AND BANKING (§ 80*)—BANK DEPOSITS.

A bank depositor was credited on his pass book with the amount of notes, which were payable on his order and not paid at maturity, but he was not notified of any protest. He did not discover that the amount was charged off his account until he delivered his pass book to be written up after the bank was seized by the superintendent of banks. The depositor presented separate claims for the conceded balance and for the amount of the notes. Held, that there was no account stated precluding the depositor from claiming the amount of the notes, as having been improperly charged off.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 80.*]

Appeal from Trial Term, Kings County.

Action by Morris Grossman against the Lafayette Trust Company and another. From a judgment for plaintiff and from an order denying a new trial, defendants appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and RICH, JJ.

Roswell S. Nichols, for appellants.
Herman S. Bachrach, for respondent.

HIRSCHBERG, J. The plaintiff was a depositor in the Jenkins Trust Company, afterwards named the Lafayette Trust Company, a corporation engaged in the conduct of the banking business under the laws of this state. The institution was taken possession of by the Superintendent of Banks of this state, and was in his possession at the time of the commencement of this action, for the purpose of liquidation by virtue of chapter 143 of the Laws of 1908. As a depositor, the plaintiff had been credited on his pass book with the proceeds of two promissory notes payable to his order and indorsed by him in the sum of $885.45. The notes were not paid at maturity, but no notice

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of protest was ever given to the plaintiff, if the notes were protested at all. The plaintiff first learned of the fact that the notes were charged off his account at the bank, when he delivered his pass book up to the institution to be written up after its seizure by the superintendent. Then the amount of the notes was deducted from the balance due him and the book returned to him, showing a balance only of $154.15. He thereupon presented two claims to the superintendent, one for the conceded balance and one for the amount of the notes. The claims were presented in that form under the direction of the superintendent or some one belonging to his office. The claim for the conceded balance was admitted and the other one rejected; whereupon the present action was brought.

I find no defense to the plaintiff's cause of action. The only point made by the appellants is that the delivery of the pass book in the circumstances amounts to the taking and stating of an account between the parties. The fallacy of the claim is so obvious that it needs no discussion. It is true the plaintiff has received a dividend based upon the amount of his conceded claim, $154.15, but such receipt is no acquiescence in law to the correctness of the balance. It was the acceptance of a sum to which both parties knew he was entitled, and which was paid and received with full knowledge of the fact that a disputed claim, which was in litigation at the time, existed.

The equities are clearly in the respondent's favor, and the judgment and order should be affirmed. All concur.